# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In Re:

| | |
|---|---|
| **Joan Ariel Comas Joa** | Chapter:      **13** |
| | Case Number: **5-17-00882** |
| Debtor(s) | |

## CERTIFICATE OF MAILING

The undersigned employee in the office of:

**Tullio DeLuca, Esquire**

hereby certifies that a copy of the attached  Notice & Debtors 1st Amended Plan was mailed today to all parties named on the mailing list attached hereto by regular first class mail.

DATED: May 31, 2017

SIGNED: _____

TITLE:       SECRETARY

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

In Re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade):

JOAN ARIEL COMAS JOA

Chapter: 13

Case Number: 5-17-00882

Debtor(s)

## NOTICE

The confirmation hearing on the __1st__ Amended Plan ("Plan") has been scheduled for the Debtor(s) at the following date, time and location:

Date: July 11, 2017        Time: 9:30 am

Location: Courtroom 2,

197 S. Main St., Wilkes-Barre, PA

The deadline for filing objections to confirmation of the Plan is: June 28, 2017

**For cases before the Hon. Mary D. France (indicated in the Case No. with the initials "MDF"):**
Evidentiary hearings will not be conducted at the time of the confirmation hearing. If it is determined at the confirmation hearing that an evidentiary hearing is required, an evidentiary hearing will be scheduled for a future date.

**For cases before the Hon. John J. Thomas or the Hon. Robert N. Opel, II (indicated in the Case No. with the initials "JJT" or "RNO" respectively):**
Any objections to confirmation of the plan will be heard at the above-scheduled confirmation hearing. Counsel should be prepared to proceed on any unresolved objections to the plan at this time.

A copy of the Plan is enclosed with this Notice. A copy also may be obtained from the case docket through PACER or from the Bankruptcy Clerk's Office.

Requests to participate in a hearing telephonically shall be made in accordance with Local Bankruptcy Rule 9074-1(a).

Date: 5/31/17        Filed by:        Tullio DeLuca, Esquire

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**************************************************************************

IN RE:                     :     CHAPTER 13

JOAN ARIEL COMAS JOA       :

a/k/a Joan Ariel Comas          :

a/k/a Joan A. Comas             :

a/k/a Joan Comas Joa           :

a/k/a Joan Comas               :

a/k/a Joan A. Comas Joa         :

                               :

            Debtor(s)       :        CASE NO. 5:17-00882

                             :(Indicate if applicable)

                             : (   ) # MOTION(S) TO AVOID LIENS

                             : (1 )# MOTION(S) TO VALUE COLLATERAL

                             :

                             : ( ) ORIGINAL PLAN

                             : (x )SECOND AMENDED PLAN

                             :         (Indicate 1st, 2nd, 3rd, etc)

**************************************************************************

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

### PLAN PROVISIONS

**DISCHARGE: (Check one)**

( x )     the Debtor will seek a discharge of debts pursuant to Section 1328(a).

( )      the Debtor is not eligible for a discharge of debts because the Debtor has previously received a discharge described in Section 1328(f).

**NOTICE OF SPECIAL PROVISIONS: (Check if applicable)**

( X )    this plan contains special provisions that are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. Those provisions are set out in Section 8 of this Plan. Other than to insert text into the designated spaces or to expand the tables to include additional claims, the preprinted language of this form may not be altered. This does not mean that the Debtor is prohibited from proposing additional or different plan provisions in section 8. The Debtor may propose additional or different

plan provisions or specify that any of the provisions will not be applicable, provided however, that each such provision or deletion shall be set forth herein in section 8.

## 1. PLAN FUNDING AND LENGTH OF PLAN

A. Plan payments:

1. To date, the Debtor(s) has paid $0.00 (enter $0 if no payments have been made to the Trustee to date). Debtor(s) shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor(s) shall make conduit payments through the Trustee as set forth below. The total base plan is $59,450.00 plus other payments and property stated in Paragraph B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment |
|---|---|---|---|---|
| 04/17 | 05/17 | $971.00 | | $ 0.00 |
| 06/17 | 03/21 | $1,025.00 | | $59,450.00 |
| | | | | $59,450.00 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and the attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding accordingly. Debtor(s) is responsible for all post-petition mortgage payments due prior to the initiation of conduit mortgage payments.

3. Debtor(s) shall take appropriate action to ensure that all applicable wage attachments are adjusted to confirm to the terms of the plan.

4. CHECK ONE: ( x ) Debtor(s) is at or under median income
( ) Debtor(s) is over median income. Debtor(s) calculates that a minimum of $0.00 must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

B. Liquidation of Assets

1. In addition to the above specified plan payments, Debtor(s) shall dedicate to the plan proceeds in the estimated amount of _____ from the sale of property known and designated as _____ . All sales shall be completed by _____ If the property does not sell by the date specified, then the disposition of the property shall be as follows:

2.   Other payments from any source(s) (describe specifically) shall be paid to
the Trustee as follows:

N/A

3.   The Debtor estimates that the liquidation value of this estate is $0.00
(Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid
liens and encumbrances and before the deduction of the Trustee fees and priority claims.

## 2.   SECURED CLAIMS

A.   <u>Pre-Confirmation Distributions</u>.  Adequate protection and conduit  payments in the
following amounts will be paid by the Debtor to the trustee.  The Trustee will
disburse these payments for which a proof of claim has been filed as soon as
practicable after receipt of said payments from the Debtor

| Name of Creditor | Address | Account # | Estimated Monthly Payment |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

The Trustee will not make a partial payment.  If the Debtor makes a partial plan payment,
or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim
in this section, the Debtor's cure of this default must include any applicable late charges.

Upon receipt, Debtor shall mail to the Trustee all notices from mortgagees including
statements, payment coupons, impound and escrow notices, and notices concerning
changes o the interest rate on variable interest rate loans.  If any such notice informs the
Debtor that the amount of the payment has increased or decreased, the change in the plan
payment to the Trustee will not require modification of this plan.

B.   <u>Mortgages and Other Direct Payments by Debtor</u>.  Payments will be made outside
the plan according to the original contract terms, with no modification of contract
terms, unless otherwise agreed to by the contracting parties,  and with liens
retained.  All mortgage and other lien claim balances survive the plan if not avoided
or paid in full under the plan.

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim |
|---|---|---|---|
| Toyota Financial Services Attn: Bankruptcy Dept. P.O. Box 8026 Cedar Rapids, IA 52408 Acct#1179 | 2011 Toyota RAV | $368.11 | $7,812.00 |
| Toyota Financial Services Attn: Bankruptcy Dept. P.O. Box 8026 Cedar Rapids, IA 52408 Acct#7001 | 2007 Toyota Camry | $308.62 | $7,962.00 |

C.     <u>Arrears</u>. The Trustee shall distribute the amount of pre-petition arrearages set forth in the allowed proof of claim to each secured creditor set forth below. If the Debtor of the Trustee objects to a Proof of Claim and the Objection is sustained, or if the plan provides for payment of amounts greater that the allowed Proof of Claim, the creditor's claim will be paid in the amount allowed by the Court.

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-Petition arrears to be cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Toyota Financial Services Attn: Bankruptcy Dept. P.O. Box 8026 Cedar Rapids, IA 52408 Acct#1179 | 2011 Toyota RAV | $1,092.44 | NA | $1,092.44 |
| Toyota Financial Services Attn: Bankruptcy Dept. P.O. Box 8026 Cedar Rapids, IA 52408 Acct#7001 | 2007 Toyota Camry | $945.33 | NA | $945.33 |

D.    Secured Claims Paid According to Modified Terms. These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. THE LIENS WILL BE AVOIDED OR LIMITED THROUGH THE PLAN OR DEBTOR(S) WILL FILE AN ADVERSARY ACTION TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN (Select method in last column):

| Name of Creditor | Description of collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan* or Adversary Action |
|---|---|---|---|---|---|
| M&T Bank 1100 Wehrle Drive Williamsville, NY 14221 Acct#4268 | 737-739 Garfield St., Hazleton PA 18201 Duplex | $44,100.00 | 4% $4,630.00 | $48,730.00 | Plan |

*"PLAN" INDICATES THAT THE DEBTOR(S) PROPOSES TO AVOID OR LIMIT THE LIEN OF THE CREDITOR IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION PURSUANT TO SECTION 506(a). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE. IF THE CREDITOR WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR MUST FILE AN OBJECTION TO THIS PLAN. OTHERWISE, CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.

E.    Other Secured Claims. (Including conduit payments)

| Name of Creditor | Description of collateral | Principal balance of Claim | Interest Rate | Total to be paid in the plan |
|---|---|---|---|---|
| Greater Hazleton Joint Sewer Authority | 737 Garfield St., Hazleton PA 18201 | $465.48 | Zero | $465.48 |

F.     Surrender of Collateral: Debtor(s) surrenders the following assets to secured creditors. Upon confirmation of the plan, bankruptcy stays are lifted as to the collateral to be surrendered. This provision does not prejudice a creditor's right to move to lift the stay prior to confirmation.

| Name of Creditor | Description of collateral to be Surrendered |
|---|---|
| Toyota Financial Services<br>Attn: Bankruptcy Dept.<br>P.O. Box 8026<br>Cedar Rapids, IA 52408<br>Acct#9807 | 2010 Toyota |

G.     Lien Avoidance. The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to Section 522(f) (this section should not be used for statutory or consensual liens such as mortgages):

| Name of Creditor | Description of collateral |
|---|---|
|  |  |

H.     Optional provisions regarding duties of certain mortgage holders and servicers. Property of the estate vests upon closing of the case, and Debtor elects to include the following provision (Check if applicable)

(X )   Confirmation of the Plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtor to do the following:

(1)    Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage. If the plan provides for an allowed payment of post-petition arrearages as set forth in Section 2C, apply those payments to only the post-petition arrearages.

(2)    Deem the pre-petition arrearage as contractually current upon confirmation of the plan, for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.

(3)    Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note. Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

3.     **PRIORITY CLAIMS**

A.     Allowed unsecured claims entitled to priority under section 1322(a) will be paid in full

unless modified under paragraph 8:

| Name of Creditor | Estimated Total Payment |
|---|---|
| NY State Department of Taxation | $1,635.82 |

B.    Administrative Claims:

(1)    Trustee fees.    Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

(2)    Attorney fees.    Check one box:

( x )    In addition to the retainer of $ 1,000.00.        Already paid by the Debtor, the amount of $3,000.00   in the plan.  This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2.

(    )    $_____ per hour, to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney.  Payment of such lodestar compensation shall require a separate fee application with the requested amount of compensation approved by the Court.

(3)    Other administrative claims:

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |

4.    **UNSECURED CLAIMS**

A.    Claims of Unsecured nonpriority Creditors Specially Classified.  Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
|  |  | . |  |  |

B.    Claims of General Unsecured Creditors.  All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

5.    **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.**  The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment | Assume/Reject |
|---|---|---|---|---|---|---|
| Jairo Comas Joa | 739 Garfield St., Hazleton, PA 18201 | $500.00 | None | None | None | Assume |

6.    **REVESTING OF PROPERTY:** (Check One)

( )    Property of the estate will vest in the Debtor upon confirmation.(Not to be used with paragraph 2H)

( x )    Property of the estate will vest in the Debtor upon closing of the case.

7.    **STUDENT LOAN PROVISIONS**
        A.        Student loan provisions.  This plan does not seek to discharge student loan(s) except as
follows: (NOTE: If you are not seeking to discharge a student loan(s), do not complete this section:

| Name of Creditor | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment |
|---|---|---|---|---|
| | | | | |

8.    **Other Plan Provisions**
        A.        Include the additional provisions below or on an attachment.  (NOTE: The Plan and any
                attachment must be filed as one document, not as a plan and exhibit.)

        **The following is a summary of the creditors and amounts to be paid by the Trustee pursuant
to this Plan:**

| | |
|---|---|
| Chapter 13 Trustee | $    3,940.93 (est.) |
| Tullio DeLuca, Esq., | $    3,000.00 |
| M& T Bank | $  48,730.00(allowed secured claim) |
| Toyota Financial Services | $    1,092.44 |
| Toyota Financial Services | $      945.33 |
| Greater Hazleton Joint Sewer  Auth., | $      465.48 (allowed secured claim) |
| NY State Department of Taxation | $  $1,635.82 (priority claim) |
| Total: | $  59,450.00 |

**The Chapter 13 Trustee payment shall be made to the following address:**

                CHARLES J. DEHART, III, ESQ.
                P.O. BOX 7005
                LANCASTER, PA 17604

*** Debtor shall maintain and make direct payments on homeowners insurance and real estate taxes
 during the pendency of the Plan on the duplex real property.

## 9.    ORDER OF DISTRIBUTION:

Payments from the plan will me made by the trustee in the following order:

Level 1: _____

Level 2: _____

Level 3: _____

Level 4: _____

Level 5: _____

Level 6: _____

Level 7: _____

Level 8: _____

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:        Adequate protection payments.

Level 2:        Debtor's attorney's fees.

Level 3:        Domestic Support Obligations.

Level 4:        Secured claims, pro rata.

Level 5:        Priority claims, pro rata.

Level 6:        Specially classified unsecured claims.

Level 7:        General unsecured claims.

Level 8:        Untimely filed unsecured claims to which the Debtor has not objected.

## GENERAL PRINCIPLES APPLICABLE TO ALL PLANS

All pre-petition arrears and cramdowns shall be paid to the trustee and disbursed to creditors through the plan.

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the trustee will treat the claim as allowed, subject to objection by the Debtor. Claims filed after the bar date that are not properly served on the trustee will not be paid. The Debtor is responsible for reviewing claims and filing objections, if appropriate.


Dated: <u>May 30, 2017</u>              <u>/s/Tullio DeLuca</u>
                                        Attorney for Debtor

CACH, LLC
4340 S MONACO ST., 2ND FLOOR
DENVER, CO 80237-3485

COMENTY CAPITAL BANK
2001 WESTERN AVE ., STE 400
SEATTLE, WA 98121-3132

CAPITAL ACCOUNTS
PO BOX 140065
NASHVILLE, TN 37214-0065

CAPITAL ONE
PO BOX 30285
SALT LAKE CITY, UT 84130-0285

CHASE
PO BOX 15298
WILMINGTON, DE 19850-5298

CITIBANK
PO BOX 6500
SIOUX FALLS, SD 57117-6500

CREDIT COLLECTION SERVICES
PO BOX 607
NORWOOD, MA 02062-0607

CREDIT ONE
PO BOX 98873
LAS VEGAS, NV 89193-8873

CHARLES J DEHART, III (TRUSTEE)
8125 ADAMS DRIVE, STE A
HUMMELSTOWN, PA 17036-8625

DISH NETWORK
PO BOX 9033
LITTLETON, CO 80160-9033

ENDONTIC SPECIALISTS OF NEPA
841 WYOMING AVE
KINGSTON, PA 18704-3932

ERC
PO BOX 57547
JACKSONVILLE, FL 32241-7547

GREATER HAZLETON JOINT SEWER
500 OSCAR THOMAS DRIVE
PO BOX 651
HAZLETON, PA 18201-0651

HAZLE TOWNSHIP REFUSE
PO BOX 24
LATTIMER MINES, PA 18234-0024

JEFFERSON CAPITAL SYSTEMS
LLC
PO BOX 7999
SAINT CLOUD, MN 56302-7999

M&T BANK
LEGAL DOCUMENT PROCESSING
1100 WHERLE DRIVE
WILLIAMSVILLE, NY 14221-7748

MARILYN'S NO LIMIT TAX/TITLE/TAGS
100 N WILKES-BARRE BLVD
WILKES-BARRE, PA 18702-5253

MACY'S
PO BOX 8053
ATTN: BANKRUPTCY PROCESSING
MASON, OH 45040-8053

MIDLAND CREDIT MANAGEMENT
PO BOX 939069
SAN DIEGO, CA 92193

NY STATE DEPT OF TAXATION& FINANCE
PO BOX 5300
BANKRUPTCY SECTION
ALBANY, NY 12205-0300

ONEMAIN FINANCIAL
BANKRUPTCY DEPT.
PO BOX 6042
SIOUX FALLS, SD 57117-6042

PORTFOLIO RECOVERY ASSOC.
PO BOX 41067
NORFOLK, VA 23541-1067

PRESSLER & PRESSLER ,LLP
7 ENTIN ROAD
PARSIPPANY, NJ 07054-5020

SYNCHRONY BANK
ATTN: BANKRUPTCY DEPT
PO BOX 965060
ORLANDO, FL 32896-5060

TOYOTA MOTOR CREDIT CORP
PO BOX 8026
CEDAR RAPIDS, IA 52408-8026

TOYOTA MOTOR CREDIT
PO BOX 9013
ADDISON, TEXAS 75001-9013

UNITED STATES TRUSTEE
228 WALNUT ST., STE 1190
HARRISBURG, PA 17101-1722

VERIZON BANKRUPTCY DEPT
500 TECHNOLOGY DR., STE 550
WELDON SPRING, MO 63304-2225

JAMES WARMBRODT
701 MARKET ST., STE 5000
PHILADELPHIA, PA 19106-1541